1

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

8   UNITED STATES OF AMERICA,                    )
                                                 )
9                  Plaintiff,                     )       Case No. 2:14-cr-153-GMF-VCF
                                                 )
10  vs.                                           )       **ORDER**
                                                 )
11  JOVAR LAVONNE BAKER                           )       **Motion to Authorize Employment**
                                                 )       **(#26)**
12                                                )
                   Defendant.                     )
13  _____)

14          This matter is before the Court on Defendant's Motion for Authorization of Employment

15  (#26), filed on September, 18, 2014.  The Government filed its Response (#28) on September 18,

16  2014.  The Court conducted a hearing in this matter on September 22, 2014.

17                          **BACKGROUND AND DISCUSSION**

18          The indictment in this case charges Defendant Baker with receipt or distribution of child

19  pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).  The Government alleges that this

20  case arises from a peer-to-peer network investigation of child pornography being traded and

21  downloaded over the internet.  An IP address allegedly associated with Defendant was identified as

22  a source of files likely containing child pornography images.  Four videos were allegedly

23  downloaded and confirmed to contain images of child pornography.  A search warrant was

24  subsequently obtained for Defendant's residence.  The search of a laptop computer belonging to

25  Defendant allegedly resulted in the discovery of 74 videos containing child pornography.  The

26  Government also alleges that some of the downloaded evidence against Defendant was "indicative

27  of rape or violent sexual fantasy."  *Government's Response (#28), pgs. 1-2.*

28  . . .

On May 9, 2014, the Court placed Defendant on pretrial supervision which includes the condition that Defendant shall not be employed in, or be present in, any setting directly involving minor children.  Defendant is also prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense, or without adult supervision.   Defendant was also placed on Home Detention which restricts him to his residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court ordered obligations and other activities pre-approved by Pretrial Services or the supervising officer.  Defendant is also subject to global positioning satellite (GPS) monitoring to supervise his compliance with these restrictions on his movements.  *See Order Setting Conditions of Release (#11)* and *Amended Additional Conditions of Release (#12).*

Defendant has secured prospective employment as a "door-to-door" salesman of vacuum cleaner products.[1]  Defendant's job duties would involve him making pre-arranged visits to the homes of customers who have expressed an interest in purchasing the products for purpose of demonstrating the products and making sales thereof.  Because the appointments will be pre-arranged, Defendant states that he will provide his supervising pretrial services officers with the list of his appointments on a daily basis before he begins his rounds so that Pretrial Services will be able to monitor his activities and where he is during the day.  It is unclear whether Defendant's prospective employer has been informed of the criminal charges against him.  It does not appear, however, that prospective customers will be informed of the criminal charges against Defendant which raises a conflict with the conditions of pretrial release and supervision.  There is also no way to effectively monitor when minor children will be present in the residences that Defendant visits.  Defendant's counsel states, however, that because the visits will take place during weekdays, school age children are less likely to be present.

. . .

---

[1] At the time of his arrest, Defendant was employed as a security officer.  Although not addressed in Defendant's instant motion, the Court infers that Defendant was unable to maintain this employment perhaps due to the criminal charges against him.

1    Although the Court appreciates and supports Defendant's desire to obtain lawful and

2    verifiable employment, given the nature of the charges against the Defendant and the conditions of

3    pretrial release, it would be inappropriate to permit Defendant to engage in employment which will

4    involve him entering the private residences of customers on a daily basis, where, at least on some

5    occasions, minor children are likely to be present.  It also appears unlikely that Defendant will be

6    able to successfully pursue this employment if he is required to inform the customers of the charges

7    against him or the restriction that minor children not be present when he makes his sales visits.

8    The Court also agrees with the Government that such employment, which involves Defendant

9    traveling throughout the community on a daily basis, may place Defendant in proximity to schools

10   and other locations where minor children are present; and that it will be difficult for Pretrial

11   Services to adequately monitor his movements on a real time basis even with the use of GPS

12   technology.  Accordingly,

13       **IT IS HEREBY ORDERED** that  Motion for Authorization of Employment (#26) is

14   **denied**.

15       DATED this 22nd day of September, 2014.

16

17   _____
     GEORGE FOLEY, JR.

18   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28